# IN THE COURT OF APPEALS OF IOWA

————————————

No. 24-1896
Filed May 27, 2026

————————————

**Christ Apostolic Temple, Inc., Dwight Reed and Jordan Reed,**
Plaintiffs–Appellees,

v.

**Demetrius Sinegal,**
Defendant–Appellant,

and

**The Kingdom Church
Safehouse #Unmuzzled**
Defendants.

————————————

Appeal from the Iowa District Court for Polk County,
The Honorable Jeffrey D. Farrell, Judge.

————————————

**AFFIRMED**

————————————

Demetrius Sinegal, Houston, Texas, self-represented appellant.

Jim Quilty of Quilty Law Firm, Des Moines, attorney for appellees.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

1

**AHLERS, Judge.**

Demetrius Sinegal appeals from the district court's denial of his motion to set aside a default judgment entered against him in a defamation action.[1] Sinegal is self-represented, and we will consider the issues he raises as we understand them and to the extent they are preserved for appeal. In doing so, we note that he raises several issues that were not addressed by the district court and do not serve as a basis for relief.[2] As we understand his brief, the only relevant and preserved issue he raises is the district court's denial of his motion to set aside the default judgment. Following our review, we affirm.

Iowa Rule of Civil Procedure 1.977 provides, "On motion and for good cause shown, . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021) (citation omitted). Sinegal asked the district court to set aside the default judgment based on excusable neglect.

---

[1] A default judgment was also entered against two other defendants—The Kingdom Church and Safehouse #Unmuzzled. Only Sinegal sought to have the default judgment set aside, and only Sinegal appeals.

[2] Sinegal's appellate and reply briefs contain citations to cases that do not exist or do not stand for the proposition for which they are cited. This suggests the possibility that he used generative artificial intelligence to prepare his briefs. If that is the case, we again "stress that self-represented litigants and attorneys alike have a duty to independently verify the authenticity and veracity of all sources and assertions when relying on artificial intelligence tools to prepare trial or appellate court filings." *Luke v. Dep't. of Health and Human Servs.*, 29 N.W.3d 635, 636 (Iowa Ct. App. 2025).

When considering whether Sinegal established excusable neglect, relevant considerations include timeliness of Sinegal's filings, "whether [he] intended to defend, whether [he] asserted a meritorious defense in good faith, and whether [he] ignored or willfully defied the rules of procedure." *Id.* The district court's ruling took these considerations into account, and we agree with its analysis and conclusions. Accordingly, we affirm without further opinion. Iowa Ct. R. 21.26(1)(d)(e) (authorizing memorandum opinions when "[a] full opinion would not augment or clarify existing case law").

**AFFIRMED.**